UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BILLY J. GRIFFIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | NO. 1:20CV54SNLJ |
| v. ) | |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by Billy J. Griffin, a person in federal custody. On May 8, 2018, Griffin pled guilty before this Court to the offense of Distribution of Methamphetamine. On October 23, 2018, this Court sentenced Griffin to the Bureau of Prisons for a term of 150 months imprisonment. Griffin's § 2255 motion is fully briefed and ripe for disposition.

**I. PROCEDURAL HISTORY**

On October 10, 2017, federal agents spoke with a confidential informant (CI) who indicated that they had been obtaining methamphetamine from Billy Griffin in the Pemiscot County, Missouri area. The CI sent a series of text messages to Griffin about doing a methamphetamine deal and at the request of the agents arranged to meet Griffin the next day to buy a quarter pound of methamphetamine. On October 11, 2017, the agents observed Griffin arrive at a location in Hayti, Missouri and meet with the CI. Griffin sold the CI 111.57 grams of a mixture or substance containing methamphetamine.

1

Griffin was indicted on January 18, 2018, and charged in one count with distribution of fifty grams or more of a mixture or substance containing methamphetamine, in violation of Title 21, United States Code, Section 841(a)(l), and punishable under Title 21, United States Code, Section 841(b)(l)(B)(viii). (Doc # 1, 1:18 CR 4 SNLJ) Griffin pleaded guilty on May 5, 2018. (Doc # 31, 1:18 CR 4 SNLJ)

The presentence report recommended that the base offense level was 24 based upon at least 50 grams but less than 200 grams of a mixture or substance containing methamphetamine, pursuant to Section 2D1.1(c)(8). However, the report also determined that Griffin was a career offender due to his two prior convictions for controlled substance offenses. (PSR, ¶ 26)[1] The base offense level was thus determined to be 34 pursuant to U.S.S.G. § 4B1.1(b)(2). (PSR, ¶ 26) Three levels were deducted for acceptance of responsibility and timely notification of Griffin's intention to plead guilty. (PSR, ¶¶ 27-28)

Because Griffin was a career offender, his criminal history category was automatically VI, pursuant to Section 4B1.1(b). (PSR, ¶ 43) Based on a total offense level of 31 and a criminal history category of VI, the advisory guidelines range was 188 to 235 months of incarceration. (PSR, ¶ 73)

In determining Griffin's career offender status, his first qualifying prior conviction for a controlled substance offense resulted from his selling more than five grams of marijuana to a police informant on December 9, 2006. (PSR, ¶ 34) Griffin pleaded guilty to distribution of a controlled substance and on January 26, 2007, was sentenced to eight years' imprisonment. Griffin was paroled and returned twice before his final release from prison on this charge in

---

[1] PSR, the Presentence Report filed in 1:18CR4SNLJ

December of 2014. (PSR, ¶ 34)

On March 25, 2012, while Griffin was on his first period of parole for the 2007 felony drug distribution conviction, police stopped his vehicle after observing him fail to signal. A subsequent consent search of the vehicle Griffin was driving yielded 50 small individual baggies of crack cocaine, seven baggies of powder cocaine and 17 baggies of marijuana. (PSR, ¶ 38) Griffin pled guilty to possession of more than five grams of marijuana with intent to distribute, and on January 21, 2014, was sentenced to an additional eight years in prison. (PSR, ¶ 38) Paroled less than a year later on December 3, 2014, Griffin remained on parole when he committed the instant offense. (PSR, ¶¶ 38, 41)

Griffin filed an objection to the presentence report on July 16, 2018. (Doc # 36, 1:18 CR 4 SNLJ) On July 24, 2018, Griffin's attorney moved to withdraw from representing him after discovering she had a conflict of interest. This Court appointed new counsel, and on September 18, 2018, new counsel filed a motion requesting this Court find that Griffin was not subject to the career offender provision. (Doc # 48, 1:18 CR 4 SNLJ) Griffin's theory was that his prior Missouri state convictions did not qualify as career offender predicates because the State of Missouri criminalizes conduct that the federal drug statute does not. (Id, at pp. 2-3) Griffin argued the District Court should apply the categorical approach used in *Mathis v. United States*, 136 S.Ct. 2243 (2016), and disqualify his two Missouri state drug convictions:

> …because Missouri penalizes substances that are not penalized under federal law, Missouri law is broader than federal law. Because the law is broader, it is overbroad. Convictions of Missouri law cannot be used in the career offender calculus applying the categorical approach mandated by *Mathis*.

(Doc # 48, p. 4, 1:18 CR 4 SNLJ)

At the sentencing, this Court overruled Griffin's objection to the career offender

3

classification:

> The Court will take up your specific objection about the State offenses not qualifying for career offender status. And the Government, as you know, has filed a brief in opposition to your position, which indicates that the Eighth Circuit has controlling precedent on this point, which is directly contradictory to your position. So I'll overrule your objections. They're duly noted.

(Sent. Tr., p. 3)[2]

After overruling Griffin's objections, this Court varied downward from the advisory guidelines range and sentenced Griffin to 150 months' incarceration, followed by four years supervised release. (Sent. Tr., p. 7)

Griffin appealed his career offender designation, continuing his assertions that his prior convictions do not qualify as controlled substance offenses under the Guidelines because Missouri defines "controlled substance" more broadly than federal law does. *United States v. Griffin*, 773 F. Appx 329 (8th Cir.), *cert. denied*, 140 S. Ct. 557, 205 L. Ed. 2d 366 (2019) Griffin conceded that his argument was foreclosed by *Martinez v. Sessions*, 893 F.3d 1067 (8th Cir. 2018) cert. denied, 139 S.Ct. 1198 (2019) and *Bueno-Muela v. Sessions*, 893 F.3d 1073 (8th Cir. 2018), but argued that those cases conflict with *United States v. Naylor*, 887 F.3d 397 (8th Cir. 2018) (Id). The Eighth Circuit disagreed and affirmed the District Court. *Griffin*, 773 F. Appx 329.

Griffin's Section 2255 Petition followed.

## II. NEED FOR EVIDENTIARY HEARING AND BURDEN OF PROOF

28 U.S.C. 2255 provides, in pertinent part:

Unless the motion and the files and records of the case conclusively show that the

---

[2] Sent. Tr., Transcript of Sentencing Proceedings.

4

prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court states:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits in the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

When a petition is brought under § 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. In determining whether petitioner is entitled to an evidentiary hearing the court must take many of petitioner=s factual averments as true, but the court need not give weight to conclusory allegations, self interest and characterizations, discredited inventions, or opprobrious epithets. *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). A hearing is unnecessary when a Section 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and the records of the case. Id. at 225-6. See also *United States v. Robinson*, 64 F.3d 403 (8th Cir. 1995); *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

When all the information necessary for the court to make a decision with regard to claims raised in a 2255 motion is included in the record, there is no need for an evidentiary hearing. *Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993). An evidentiary hearing is unnecessary where the files and records conclusively show petitioner is not entitled to relief. *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989).

In order to prevail on a theory of ineffective assistance of counsel, the Movant must

5

demonstrate two separate things; that counsel's representation fell below an objective standard of reasonableness (was constitutionally deficient) , and secondly that counsel's deficient performance materially and adversely prejudiced the outcome of the case. *Furnish v. United States of America*, 252 F.3d 950, 951 (8th Cir. 2001) While counsel has a duty to make reasonable investigations and decisions, "in determining whether counsel's performance was deficient, the court should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance". *Collins v. Dormire*, 240 F.3d 724, 727 (8th Cir. 2001) (*citing Strickland,* 466 U.S. at 689)

In order to prove that counsel's error was prejudicial, Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability has been described as "a probability sufficient to undermine confidence in the outcome". (Id.) However, the reviewing court need not address the issue of counsel's performance if it determines that the movant "suffered no prejudice from the alleged ineffectiveness." *Pryor v. Norris*, 103 F.3d 710, 712 (8th Cir. 1997)

Counsel cannot be considered to be ineffective for failing to raise issues upon which a defendant would not have prevailed. *United States v. Johnson*, 707 F.2d 317, 320 (8th Cir. 1983) Nor is an attorney under an obligation to pursue an unpromising investigation. *Harvey v. United States*, 850 F.2d 388, 403 (8th Cir. 1988). Although Counsel always has a duty to hold the government to its high burden of proof, there are limitations to a criminal defense.

> "Of course, the Sixth Amendment does not require that counsel do what is impossible or unethical. If there is no bona fide defense to the charge, counsel cannot create one and may disserve the interests of his client by attempting a useless charade".

*United States v. Chronic*, 104 S.Ct. 2039, 2045, FN 19 (1984).

### III.  DISCUSSION

**A. Griffin Incorrectly States that Counsel Failed to Argue at Sentencing That Griffin's Prior Controlled Substance Convictions Did Not Qualify as Career Offender Predicates.**

Griffin's first ground for relief relates to his argument at sentencing that his prior Missouri State drug distribution convictions did not qualify as career offender predicates. Griffin asserts that the Missouri drug statute under which he was previously convicted, MRS 195.211, is "overbroad as it criminalizes conduct that is not criminal under federal law." (Doc # 1, p. 4) Griffin goes on to say "Counsel was ineffective in failing to make such an argument at Sentencing specifically relating to Delivery [of a controlled substance]." (Id)

Griffin is clearly factually incorrect in this argument, as the record discussed above clearly indicates that Griffin's attorney made this exact argument at the sentencing hearing. That argument was made in contradiction to established Eighth Circuit precedent, rejected by this Court, and repeated in the Eighth Circuit, where it was rejected by the Court of Appeals. *United States v. Griffin*, 773 F. Appx 329 (8th Cir.)

Here Griffin is simply attempting to get this Court to reconsider the argument that was made and rejected by at sentencing. Additionally, the Court of Appeals also rejected that argument, consistent with its own precedent. With rare exceptions, a motion to vacate may not be used to relitigate matters decided on direct appeal. *Sun Bear v. United States*, 644 F.3d 700, 702 (8th Cir. 2011). As such, this arguments is simply not cognizable in a Section 2255 Motion, and would be without merit, even if it was.

This point will be dismissed without need of an evidentiary hearing.

**B. This Court Did Not Impose an Illegal Sentence.**

Continuing his theme that this Court erred in finding him a career offender, Griffin alleges in Ground Two that this Court "…imposed an illegal sentence by determining the additional criminal conduct listed in the statute are elements and using the modified categorical approach." (Doc # 1, p. 5) Griffin goes on to admit that his argument is foreclosed by Eighth Circuit precedent. (Id)

Griffin is correct in that respect, as the Court of Appeals cited *Martinez* and *Bueno-Muela* in denying Griffin's appeal. Referring to those cases the Court stated;

> In those cases, we held that the various controlled substances listed within Missouri's statutory definition of "controlled substance" are separate elements of Missouri drug offenses, and therefore that a Missouri drug offense conviction qualifies as a controlled substance offense under 8 U.S.C. § 1227(a)(2)(B)(i) as the defendant's conviction was based on a substance that is also a controlled substance under federal law. *See Martinez*, 893 F.3d at 1070-73; *Bueno-Muela*, 893 F.3d at 1074-76.
>
> *United States v. Griffin*, 773 F. Appx 329 (8th Cir.)

Because this issue was also disposed of on direct appeal, Griffin will not be permitted to make this argument as a part of his Section 2255 Motion. *Sun Bear v. United States*, 644 F.3d 700, 702 (8th Cir. 2011). This point will dismissed without need of an evidentiary hearing as well.

**C. Counsel Was Not Ineffective By Failing To File A Motion To Suppress Evidence of The Controlled Drug Buy From Griffin.**

Griffin alleges that he received ineffective assistance of counsel when his attorney failed to file a motion to suppress evidence of the controlled buy of methamphetamine that Griffin made to the police informant. (Doc # 1, p. 7) Griffin explains that

> "Had counsel did so it would have been discovered that police did not complete a

8

> thorough search of the informant's person prior to the alleged purchase which could have revealed that the informant was already in possession of controlled substances and there is no valid way of ascertaining whether the alleged purchase was the product of misconduct by the police and informant. Had counsel challenged this issue it could have revealed that alleged purchase was nothing more than an allegation (*sic*)."

(Id)

To begin with, Griffin provides absolutely no evidence that there was anything irregular about this controlled buy of illegal drugs. Griffin's assertion is nothing more than unsupported speculation. Secondly, Griffin admitted, under oath, as a part of the plea proceedings that he in fact distributed 111.57 grams of a mixture or substance containing methamphetamine to a police informant. After the attorney for the Government had read the factual basis into the record, this Court inquired directly of Mr. Griffin;

> Court: Have you heard the statements from the prosecutor?
>
> Griffin: Yes, sir.
>
> Court: Is everything he said true and correct?
>
> Griffin: Yes, sir.
>
> Court: Do you admit that you did all those acts he described?
>
> Griffin: Yes, sir.
>
> Court: No question about it, is there?
>
> Griffin: No, sir.

> TSR Plea, pp. 10-11

Griffin also chose to waive his right to file pretrial motions. (Doc # 25, 1:18 CR 4 SNLJ) Because Movant waived his right to have a hearing on any pretrial motion and the Magistrate

Judge found that the Movant's waiver was knowing and voluntary, he cannot claim that his constitutional rights were violated by the admission of his statements. *See United States v. Garrido,* 995 F.2d 808, 814–15 (8th Cir.1993) (finding that the defendant waived his right to make a constitutional challenge).

Even assuming that Griffin had not admitted these facts under oath, this particular issue would have been one for the finder of fact to determine, and not a proper subject for a motion to suppress. As a matter of law, the undercover purchase of drugs by government actors is not a search or seizure under the Fourth Amendment. *United States v. Davis*, 646 F.2d 1298, 1301 (8th Cir. 1981). In *Davis*, undercover DEA agents accompanied an informant to the Defendant's residence and used their undercover identities to purchase methamphetamine from the Defendant. *Id.* The 8th Circuit (Citing *Lewis*) held that the Defendant invited the undercover officers into her residence with the knowledge that they were there to purchase drugs and that such a purchase does not violate the fourth amendment as a matter of law. (*Davis* at 1301-1302).

Finally, because Griffin was not entitled to pursue a motion to suppress on this basis and could not have prevailed if he had done so, defense counsel had no obligation to file or litigate such a motion. *Johnson*, 707 F.2d 317, 320 (8th Cir. 1983) Griffin was certainly not prejudiced by his attorney's failure to file such a motion.  This point will be dismissed without the necessity for an evidentiary hearing as well.

### IV.  MOVANT'S REPLY

In Movant's "Reply" to the government's "Response," he claims the real issue is that [his] previous convictions were attempt offenses, these priors could not serve as predicates to apply the career offender enhancement." Movant again is simply wrong.  The two prior

10

offenses applied were felony distribution of a controlled substance and felony possession of a controlled substance of intent to distribute. Neither are "attempt" offenses. The point is denied

## V.  CONCLUSION

For the foregoing reasons, this Court denies Griffin's' § 2255 petition without an evidentiary hearing.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability because Griffin has not made a substantial showing of the denial of a federal constitutional right.

Dated this 30th day of December, 2020

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE