UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

BILLY J. GRIFFIN,                          )
                                           )
            Petitioner,                    )
                                           )
    v.                                     )    Case No. 1:20-cv-00054-SNLJ
                                           )
UNITED STATES OF AMERICA,                  )
                                           )
            Respondent.                    )

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner Billy J. Griffin's Motion for Reopening

of 28 U.S.C. § 2255 Petition in Light of Expungement of State Conviction (Doc. 10),

Motion for Leave to Amend Motion for Reopening of 28 U.S.C. § 2255 Petition in Light

of Expungement of State Conviction (Doc. 11), Amended Motion for Reopening of 28

U.S.C. § 2255 Petition in Light of Expungement of State Conviction (Doc. 12), Motion for

Appointment of Counsel (Doc. 13), and Motion Requesting Status of Pending Motions

(Doc. 14).

## Background

Griffin filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct

Sentence by a Person in Federal Custody on March 16, 2020 (Doc. 1). This Court denied

the § 2255 motion on December 30, 2020 (Doc. 8). Thereafter, Griffin filed motions asking

this Court to reopen his § 2255 proceeding because two of his state court convictions were

expunged on December 28, 2022 (Docs. 10, 12). He argues his sentence should be vacated

and he should be resentenced without the criminal history points from the expunged convictions (*Id.*).

## Discussion

A federal prisoner may seek relief from a sentence imposed against him on grounds that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Once a prisoner has filed a § 2255 motion, there is a significant restriction on the filing of a second or successive motion. Pursuant to subsection (h) of § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1)    newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application").

Where a prisoner files a motion to reopen or reconsider in a § 2255 proceeding, the court must determine whether the allegations in the motion in fact amount to a second or successive collateral attack under § 2255. *Rouse v. United States*, 14 F.4th 795, 800 (8th

Cir. 2021); *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). If the court determines the motion is a second or successive § 2255 motion, the court should dismiss it for failure to obtain authorization from the Court of Appeals. *Id.*

Griffin's Motion for Reopening of 28 U.S.C. § 2255 Petition in Light of Expungement of State Conviction (Doc. 10) and Amended Motion for Reopening of 28 U.S.C. § 2255 Petition in Light of Expungement of State Conviction (Doc. 12) constitute a "second or successive motion" within the meaning of 28 U.S.C. § 2255. Because he did not obtain the necessary authorization before filing the motion, the Court lacks jurisdiction to consider the motion. As a result, the motion will be denied, and this matter will be dismissed without prejudice.

The Court has considered whether to issue a certificate of appealability. To issue a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Griffin has made no such showing in this case, and the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Billy J. Griffin's Motion for Reopening of 28 U.S.C. § 2255 Petition in Light of Expungement of State Conviction (Doc. 10), Motion for Leave to Amend Motion for Reopening of 28 U.S.C. § 2255 Petition in Light

of Expungement of State Conviction (Doc. 11), and Amended Motion for Reopening of 28

U.S.C. § 2255 Petition in Light of Expungement of State Conviction (Doc. 12) are

**DENIED** and **DISMISSED without prejudice** because petitioner did not obtain the

required authorization from the United States Court of Appeals for the Eighth Circuit.

      **IT IS FURTHER ORDERED** that the Motion for Appointment of Counsel (Doc.

13) and Motion Requesting Status of Pending Motions (Doc. 14) are **DENIED** as moot.

      **IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

      Dated this _10th_ day of October, 2024.


                                      _____

                                   STEPHEN N. LIMBAUGH, JR.
                                   SENIOR UNITED STATES DISTRICT JUDGE